(27 P.3d 947)
No. 86,485

JOHN D. ALTEVOGT, *Appellant,* v. YOUTHFRIENDS and THE GREATER KANSAS CITY COMMUNITY FOUNDATION, *Appellees.*

Opinion filed July 20, 2001.

*Theresa Hook Barton* and *George Allen Barton,* of Kansas City, Kansas, for appellant.

*William Ford, Carrie E. Josserand, David C. Vogel,* and *Tammy M. Somogye,* of Lathrop & Gage L.C., of Kansas City, Missouri, and *Bruce C. Davison,* of Sonnenschein Nath & Rosenthal, of Kansas City, Missouri, for appellees.

Before KNUDSON, P.J., JOHNSON, J., and PADDOCK, S.J.

KNUDSON, J.: John D. Altevogt appeals the district court's dismissal of an action in mandamus brought to compel the production of documents under the Kansas Open Records Act (KORA), K.S.A. 45-215 *et seq.* The district court concluded it was without jurisdiction under the KORA to compel production of documents from the defendants.

The defendants, YouthFriends and The Greater Kansas City Community Foundation, are Missouri corporations with offices in Kansas City, Missouri. Neither defendant maintains any offices in Kansas. All of the records sought by Altevogt are located in Missouri. Under these admitted circumstances, we conclude the order of dismissal for lack of jurisdiction was proper.

K.S.A. 45-222(a) states:

"The district court of any county in which public records are located shall have jurisdiction to enforce the purposes of this act with respect to such records, by injunction, mandamus or other appropriate order, in an action brought by any person, the attorney general or a county or district attorney."

We understand Altevogt's principal argument to be that by enacting K.S.A. 45-222(a), the legislature did not intend to grant *exclusive* jurisdiction to the district court of the county where the records are kept. Unfortunately, Altevogt provides no persuasive authority to support this assertion.

We acknowledge K.S.A. 45-222(a) is to be construed liberally. See K.S.A. 45-216(a). This, however, does not permit us to read into the open records law subject matter jurisdiction not provided by the legislature.

"No matter what the legislature may have really intended to do, if it did not in fact do it, under any reasonable interpretation of the language used, the defect is one which the legislature alone can correct. *State ex rel. Stephan v. Martin*, 230 Kan. 747, 752-53, 641 P.2d 1011 (1982)." *Eveleigh v. Conness*, 261 Kan. 970, 978, 933 P.2d 675 (1997).

Altevogt's suggested interpretation of K.S.A. 45-222(a) is not reasonable. This statute is clear and unambiguous, conferring subject matter jurisdiction only if the public records are located within the county where compliance with the KORA is pursued. Here, the records are not and never have been maintained in Wyandotte County, Kansas.

Our decision does not leave Altevogt without an appropriate remedy. He may be able to obtain public records from the state agency administering the grants. Additionally, he may request that the Kansas Legislature make such inquiry or investigation as would be proper.

In view of our holding, we decline to consider the interesting question of whether either defendant might reasonably be considered a "public agency" as defined in the KORA. See K.S.A. 45-217(e).

Affirmed.